STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| **SHAWN BRYE;** | CASE NO.: |
|---|---|
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| v. | |
| CITY OF STOCKTON AND STOCKTON POLICE OFFICERS DOES 1-50 | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

1

Plaintiff, demanding a jury trial, brings this action against Defendants City of Stockton and Stockton Police officers DOES 1-50, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## PARTIES

1. Plaintiff Shawn Brye, was at all times relevant to this complaint, living in San Joaquin County, which is located within the Eastern District of California.

2. The City of Stockton is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California and it is a municipality located within the Eastern District of California.

3. Defendants Stockton Police Officers DOE 1-50 were employed by the City of Stockton at the time of the incident. These individuals are being sued in their individual capacities and will be identified and named in the complaint once their identities have been ascertained by the Plaintiff.

4. *All defendants* acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the Eastern District.

2

### III. STATEMENT OF FACTS

6. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

7. On February 23, 2021, Plaintiff was washing his clothes at a public laundry mat in the City of Stockton. The Plaintiff was not disturbing the peace or breaking any other laws.

8. Defendant DOEs 1-3 Stockton police officers observed the Plaintiff in the laundry mat and went inside the laundry mat and ordered the Plaintiff to leave.

9. Plaintiff attempted to explain to the officers that he had done nothing wrong and that he was simply trying to finish his laundry.

10. The Defendant DOEs 1-3 Stockton police officers then attempted to grab the Plaintiff and intentionally slammed the Plaintiff to the ground causing his head to hit the edge of bench.

11. The blow to the head suffered by the Plaintiff was serious, requiring the Plaintiff to have several staples in his head and to date, Plaintiff suffers severe headaches as a result of the blow to his head.

12. The Defendant DOEs 1-3 Stockton police officers then placed their knees in the Plaintiff's back after he was already lying in prone position and controlled and surrounded by Defendant DOEs 1-3 officers.

13. Plaintiff was then placed in handcuffs by the Defendant DOEs 1-3 and taken to jail.

14. Several hours later, the Plaintiff was released from jail and no criminal charges were filed.

## IV. CAUSES OF ACTION

**FIRST CLAIM**
**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 against Stockton Police Officers DOE Defendants (*Excessive Force*)**

15. Plaintiff incorporates herein by reference the preceding paragraphs 1-14 of this complaint as fully set forth herein.

16. That Defendant DOES 1-3 **Stockton Police Officers**, acting under color of law, used unreasonable and excessive force by deliberately and intentionally taking the Plaintiff down to the ground causing him to suffer a severe gash to his head, requiring several staples.

17. That the Defendants used unreasonable and excessive force, by deliberately and intentionally placing their knees in the Plaintiff's back after he was already lying in prone position and controlled and surrounded by Defendant DOEs 1-3 officers.

18. That at the time that these methods of force were used, (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff did not pose any threat to defendant officers or bystanders; (iv) other alternative methods were available to effectuate a seizure.

19. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the Defendants' actions.

20. As a direct result of the Defendants' actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

21. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, Defendants subjected Plaintiff to cruel and unjust hardship in

4

1 conscious disregard of his civil rights, thus constituting oppression.

2 22. Because the above acts were performed in a malicious, and/or oppressive manner,
3 Plaintiff is entitled to recover punitive damages from Defendants in an amount according to
4 proof.

## SECOND CLAIM
### Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 against Stockton Police Officers DOE Defendants (*false arrest*)

23. Plaintiff incorporates herein by reference the preceding paragraphs 1-22 of this complaint as fully set forth herein.

24. That Defendants DOES 1-3 **Stockton Police Officers** acting under color of authority, unlawfully seized the Plaintiff in violation of the Fourth Amendment by deliberately and intentionally placing the Plaintiff under arrest.

25. That Plaintiff was arrested when he was grabbed and slammed to the ground, causing him to suffer a severe gash to the head, requiring several staples and was not free to leave and placed in handcuffs.

26. Plaintiff had not committed any crime;

27. No probable caused existed that the Plaintiff had committed any crime.

28. Defendants did not have an arrest warrant to arrest the Plaintiff.

29. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the defendants' actions.

30. As a direct result of the Defendants' actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

31. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was

done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice.

32. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

### *Monell Claim Against City of Stockton*

33. Plaintiff is informed and believes that the City of Stockton has failed to train and supervise or has provided inadequate training and supervision of its officers to ensure they conduct their actions in accordance with state and federal law; and that they do not falsely arrest Plaintiff, who had not committed any crime, there was no probable cause that the Plaintiff had committed any crime, the Defendants did not have an arrest warrant to arrest the Plaintiff, and the City of Stockton has acted with deliberate indifference in failing to properly train its officers or to adopt policies necessary to prevent such constitutional violations. These violations are compensable pursuant to 42 U.S.C. § 1983:

34. Stockton provides no training or inadequate training regarding the prevention of DOE 1-3 officers in grabbing the Plaintiff and slamming him on the ground, causing him to suffer a severe gash in his heard, requiring staples when the Plaintiff had not committed any crime; was unarmed; Plaintiff did not pose any threat to defendant officers or bystanders; and there were other alternative methods available to effectuate a seizure

6

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: February 23, 2023        */s/ STANLEY GOFF*_____
                                STANLEY GOFF
                                Attorney for Plaintiff