UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shawn Brye, | No. 2:23-cv-00343-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| City of Stockton, et al., | |
| Defendants. | |

Plaintiff Shawn Brye alleges several officers of the Stockton Police Department violently and unconstitutionally searched and arrested him while he was doing his laundry at a public laundry mat. *See generally* Am. Compl., ECF No. 25. One of the officers named as a defendant in Brye's amended complaint is Sergeant Matthew Thurlow. *See id.* ¶ 7. According to the amended complaint, Thurlow had warned Brye not to return to the laundry mat the day before his arrest, but he did so "without any valid authority." *Id.* ¶ 15. The amended complaint does not include other allegations against Thurlow. Nor does it explain the theory behind Brye's claims that Thurlow is liable, alongside the other defendants, for excessive force, false arrest, unreasonable search or fabrication of evidence under 42 U.S.C. § 1983. Thurlow thus moves to dismiss for failure to state a claim. *See generally* Mot., ECF No. 25. The motion is now fully briefed. *See generally* Opp'n, ECF No. 30; Reply, ECF No. 31. The court finds oral arguments unnecessary and submits the motion without a hearing. *See* E.D. Cal. L.R. 230(g).

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In response, the court begins by assuming the complaint's factual allegations are true, but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court then determines whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8. *Id.* at 679. Brye's allegations against Thurlow do not meet that standard. No allegations explain Thurlow's role in the search, arrest, or use of force at the center of the amended complaint. Brye offers some additional information about his claims against Thurlow in his opposition brief, but the court may not consider that information in resolving the motion to dismiss. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis omitted)).

The motion to dismiss (ECF No. 25) is **granted with leave to amend**. Any second amended complaint must be filed **within fourteen days** of the date this order is filed.

IT IS SO ORDERED.

DATED: January 5, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE