1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Shawn Brye,                                    No. 2:23-cv-00343-KJM-CSK

12                        Plaintiff,                  ORDER

13          v.

14    City of Stockton, et al.,

15                        Defendants.

16

17          Defendants seek an award of costs following the court's order granting summary

18    judgment in their favor.  *See* Order (Nov. 5, 2025), ECF No. 64; Judgment, ECF No. 65; Bill of

19    Costs, ECF No. 66.  In total, they request $6,973.55.  ECF No. 66.  Plaintiff Shawn Brye objects

20    to the bill of costs based on his limited financial resources, the disparity in the parties' financial

21    wherewithal, and because the taxation of costs in a civil rights action such as this one could

22    unfairly dissuade other potential plaintiffs from pursuing meritorious claims.  *See generally*

23    Objections, ECF No. 67.

24          Federal Rule of Civil Procedure 54 authorizes courts to award costs to the "prevailing

25    party."  Fed. R. Civ. P. 54(d)(1).  "By its terms, the rule creates a presumption in favor of

26    awarding costs to a prevailing party, but vests in the district court discretion to refuse to award

27    costs."  *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en

28    banc).  This presumption is not rigid.  *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S.

                                              1

1   275, 283–84 (1946).  In *Escriba v. Foster Poultry Farms, Inc.*, the Ninth Circuit held

2   "[a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case,

3   (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar

4   actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the

5   parties." 743 F.3d 1236, 1247–48 (9th Cir. 2014).  This list is not "exhaustive . . . of good reasons

6   for declining to award costs, but rather a starting point for analysis."  *Id.* at 1248 (citation and

7   internal quotation marks omitted).  Depending on the particular costs requested and the

8   circumstances of broader litigation, a reduced award of costs may be most appropriate.  *See, e.g.*,

9   *Rosado v. Leprino Foods Co.*, No. 22-02302, 2025 WL 1411416, at *2 (E.D. Cal. May 15, 2025).

10        These factors do not weigh uniformly in favor of granting defendants' motion or against

11  it.  First, although the court does not doubt the importance of this case and its resolution to the

12  parties involved in it, the record does not show the case had any unusually important or broader

13  implications.  Second, the case did not involve any particularly close, novel or complex legal

14  issues.  As explained in the court's order on summary judgment, the evidentiary record was

15  almost entirely undisputed, and the court concluded it showed defendants were entitled to

16  judgment as a matter of law on all of the claims against them.  *See* Order (Nov. 5, 2025) at 1–5.

17  But third, a full award of costs in this case and others like it might dissuade potential plaintiffs

18  from pursuing civil rights claims against government officers and the municipal or state

19  governments who employ them.  Litigation is expensive, and even "modest costs can discourage

20  potential plaintiffs" with limited means.  *Escriba*, 743 F.3d at 1249.  Fourth, Brye states in a

21  declaration that he is "the head of household, permanently disabled" and has a total monthly

22  income of $1,200 in Social Security benefits, although he does not describe or quantify his

23  expenses or the needs of his dependents and any other members of his household.  *See generally*

24  Brye Decl., ECF No. 67-1.  Fifth, there is little question but that Brye has more limited resources

25  than defendants.

26        In addition to the factors above, the court observes that defendants incurred the vast

27  majority of their requested costs in the recording and transcribing of depositions.  All parties

28  benefitted from having clear and reliable deposition records at hand, so it would not be

2

1 | inappropriate for all parties to bear a portion of those costs.  The court also has considered Brye's

2 | decision to dismiss or withdraw some of the claims he originally asserted, which narrowed

3 | disputes at the summary judgment stage, likely reducing defendants' costs somewhat.

4 |      On balance, the relevant factors and the other circumstances summarized above support a

5 | reduced award of costs.  The court imposes an approximately eight-five percent reduction and

6 | taxes costs of $1,000.00.

7 |      This order resolves ECF No. 66.

8 |      IT IS SO ORDERED.

9 | DATED:  November 19, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3